

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CLIFTON EARL WEEKS, <br> TDCJ-ID NO. 123211, <br><br> Plaintiff, <br><br> v. <br><br> ADEL NAFRAWI, et al, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <br> 1:06-CV-106-BI <br> ECF |

# REPORT AND RECOMMENDATION AND TRANSFER TO THE UNITED STATES DISTRICT JUDGE

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint on August 10, 2006, alleging that officials and medical personnel at the French Robertson Unit were deliberately indifferent to his serious medical needs, by taking away a continuous positive airway pressure ("CPAP") medical device and by failing to transfer him to another correctional institution where he could use this device. By order dated August 25, 2006, this case was transferred to the docket of United States Magistrate Judge Philip R. Lane for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

The United States Magistrate Judge set an evidentiary hearing December 7, 2006, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff failed to appear at the hearing on December 7, 2006. The court issued an Order to Show Cause on December 7, 2006 (Doc. 6), admonishing Plaintiff that failure to demonstrate good cause for failing to appear for the hearing would result in a recommendation to the United States District Court that Plaintiff's complaint be

dismissed without prejudice. Plaintiff was instructed to demonstrate good cause for his failure to appear, and to provide the Clerk of the Court with his current address within 15 days of the entry of the Order. On December 15, 2006, a copy of the Order to Show Cause sent to Plaintiff at his last known address was returned as undeliverable, indicating that Plaintiff had been released (Doc. 11).

It appears that Plaintiff has moved without advising the court of his new address, as required by LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas, which require that a *pro se* party, like an attorney, must apprise the court of any address change. The court finds that Plaintiff has severed contact with the court.

Plaintiff's failure to comply with the court's orders or local rules or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims. The court finds that Plaintiff's failure to appear at his scheduled hearings and his severance of contact with the court demonstrates a manifest lack of interest in litigating his claims.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

In this matter, Plaintiff failed to appear at the scheduled evidentiary hearing, failed to file a written notice of his current mailing address with the Clerk of the Court and failed to a response to the Order to Show Cause demonstrating good cause for his failure to appear and showing why his complaint should not be dismissed. Plaintiff has had no contact with the Court since at least August 10, 2006.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing discussion of the issues and the law and of the procedural history of this case, this court recommends that the United States District Judge dismiss Plaintiff's Complaint filed August 10, 2006 and all claims asserted therein against Defendants Adel Nafrawi, Dennis Melton, and Robert J. Eason, without prejudice for failure to prosecute, for failure to comply with the local rules and the orders of the court, and for severing contact with the court.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

## TRANSFER TO THE UNITED STATES DISTRICT JUDGE

**IT IS, THEREFORE, ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 4th day of January, 2007..

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**